IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL LATAVIN SMITH**                                                                      **PETITIONER**

**v.**                                            **CIVIL ACTION NO.: 1:22-cv-8-TBM-MTP**

**CHRIS LODEN**                                                                         **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Motion to Dismiss [7] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [7] be granted and the Petition [1] be dismissed with prejudice as untimely.

**PROCEDURAL HISTORY**

On June 29, 2006, a jury convicted Smith of murder and sentenced him to serve life in prison. *See* [7-1]. With the assistance of counsel, Smith appealed his convictions and sentences to the Mississippi Supreme Court which assigned the case to the Mississippi Court of Appeals. On March 11, 2008, the Mississippi Court of Appeals affirmed both his conviction and sentence. *See* [7-2]. Counsel requested an extension of time to file a motion for rehearing, and the Court of Appeals extended the deadline to April 8, 2008. *See* [7-3]. However, no motion was filed. Smith did not seek rehearing, file for certiorari review, or move for post-conviction relief.

Over thirteen years later, on January 14, 2022, Smith filed the instant Petition for Writ of Habeas Corpus in this Court. On June 6, 2022, Respondent moved to dismiss the Petition as untimely. *See* [7]. As Petitioner has filed his Response [9] and Respondent has replied, this matter is now ripe for review.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit has clarified the manner of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A):

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

As Smith's conviction became final on April 8, 2008, his federal habeas petition was due in this Court by April 8, 2009 (one year from the expiration of time Smith had to seek further review in state court). Smith did not file his habeas petition in this Court until January 14, 2022, more than thirteen years after the judgment became final. Accordingly, the Petition is untimely unless the one-year statute of limitations is tolled by statute or for equitable reasons. *See* 28 U.S.C. § 2244(d).

**Statutory Tolling**

Statutory tolling is determined by 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitations period during the time in "which a properly filed application for State

post-conviction or collateral review" remains pending. Smith never filed a post-conviction or collateral relief motion and is therefore not entitled to statutory tolling.

**<u>Equitable Tolling</u>**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently ...." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Smith claims that he did not understand that he could pursue federal review and blames his court-appointed appellate counsel for not properly advising him. However, "ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or legal assistance, and alleged inadequacies in the prison law library are not sufficient to warrant equitable tolling." *Tate v. Parker,* 439 Fed. App'x. 375, 376 (5th Cir. 2011). Petitioner is not entitled to equitable tolling on this basis.

Nothing in the record indicates that Smith has been diligently pursuing his rights. After Smith's conviction became final on April 8, 2008, the date on which his time to seek direct review expired, Smith waited over thirteen years to file his habeas petition. Smith has not established that he should receive the benefit of equitable tolling.

## CONCLUSION

Smith's state court conviction became final on April 8, 2008. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Smith was required to file his federal habeas petition by April 8, 2009. Smith filed his Petition [1] on January 14, 2022, more than twelve years after the deadline. Smith has failed to establish that he is entitled to statutory or equitable tolling. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [7] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This the 4th day of November, 2022.

                                            s/Michael T. Parker
                                            UNITED STATES MAGISTRATE JUDGE