IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL LATAVIN SMITH, # 107483**                                                                **PETITIONER**

**v.**                                                  **CIVIL ACTION NO. 1:22-cv-8-TBM-MTP**

**CHRIS LODEN**                                                                               **DEFENDANT**

## **ORDER**

Michael Latavin Smith filed a petition for habeas corpus in this Court on January 14, 2022. Smith challenged his 2006 state conviction for murder and sentence to life-without parole and claimed that he did not understand that he could pursue federal review. [1]. Smith blamed his court-appointed appellate counsel for not properly advising him. [1]. United States Magistrate Judge Michael T. Parker entered a Report and Recommendation [14] on November 4, 2022, recommending that Smith's habeas petition be dismissed with prejudice as untimely since Smith did not file his habeas petition until "more than thirteen years after the judgment became final." [14], p. 2.

A copy of the Report and Recommendation was mailed to Smith via the United States Postal Service on November 4, 2022, and pursuant to 28 U.S.C. § 636(b)(1), Smith's objection was due by November 18, 2022. No objection was filed, and the Court reviewed the Report and Recommendation for clear error. Finding none, the Court adopted the Report and Recommendation, and dismissed Smith's habeas petition with prejudice on November 30, 2022. [15]. However, Smith's Objection [18] to the Report and Recommendations—which is dated November 15, 2022—has since been filed along with a Motion for Reconsideration [20] which the

Court will consider as a motion to reopen the case. Smith has recently filed a second Motion for Reconsideration [22] based on alleged new evidence. [22]. The Court now considers each in turn.

Under the prison mailbox rule, "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *Thompson v. Raspberry*, 993 F.2d 513, 514 (5th Cir. 1993). The Supreme Court has reasoned that *pro se* prisoners are at the mercy of prison authorities and cannot "personally travel to the courthouse" to ensure timely filing. *Houston v. Lack*, 487 U.S. 266, 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). While Smith's Objection [18] was filed with the Court on December 16, 2022, it is dated November 16, 2022. Since Smith's Objection was not due until November 18, 2022, the Objection was timely forwarded to prison officials for delivery to this Court. *See Pacheco v. Corrections Corp. of America*, No. 5:14-cv-88-DCB, 2015 WL 3745625, n. 2 (S.D. Miss. Jun. 15, 2015). Accordingly, the Court will address Smith's Objection as if it were timely filed.

A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the

magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Here, Smith objects to the Report and Recommendation because "[i]t is not reasonable, nor is it common to believe that [he] would understand [legal] matters." [18], p. 2. Smith's argument, however, was addressed by Judge Parker in the Report and Recommendation [14], p. 3 ("ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or legal assistance, and alleged inadequacies in the prison law library are not sufficient to warrant equitable tolling."). As Judge Parker explained, "[n]othing in the record indicated that Smith has been diligently pursuing his rights." [14], p. 4. And "Smith waited over thirteen years to file his habeas petition." *Id.* Because this objection was handled in the Report and Recommendation, the Court need not reopen this case.

In his most recent Motion for Reconsideration [22] filed April 5, 2023, Smith requests a new trial based on "newly discovered evidence." [22], p. 1. Smith argues that his alleged mental illness should be considered when deciding whether equitable tolling is appropriate. *Id.* at 6. The Fifth Circuit has held that for mental illness to "warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013) (holding equitable tolling was not proper where regardless of any mental illness, petitioner had pursued, without assistance of counsel, both state and federal habeas relief) (collecting cases).

Smith merely asserts because of his "limited mental capacity and a disturbed state, [his] confession should have been suspected immediately[.]" [22], p. 10. Smith provides no argument as to his mental illness being the cause of delay in filing his federal habeas petition more than

thirteen years. Without more, Smith has failed to demonstrate he should be entitled to statutory or equitable tolling. *See Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam); *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999) (holding mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition or illness rendered the petitioner unable to pursue his legal rights in a timely manner). Smith's federal habeas petition was due on or before April 8, 2009, absent statutory or equitable tolling. His petition filed on January 14, 2022, was filed beyond the limitations period and is untimely.

Having conducted a *de novo* review of Judge Parker's findings, the record in this case, and relevant law, the Court finds that Smith's Objection [18] to the Report and Recommendation should be overruled, and Motion for Reconsideration [20] which has been construed as a motion to reopen should be denied. Further, the most recent Motion for Reconsideration [22] is denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Smith's Objection [18] to the Report and Recommendation is OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that Smith's Motion for Reconsideration [20] is DENIED.

IT IS FURTHER ORDERED AND ADJDUDGED that Smith's Motion for Reconsideration [22] is DENIED.

THIS, the 5th day of May, 2023.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE